IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CHARLES B FELDMAN; dba CHARLES B | § | CASE NO: 90-01254 |
| FELDMAN INVESTMENTS, *et al* | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| COLIN K KAUFMAN, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-1017 |
| | § | |
| MICHAEL BOUDLOCHE, *et al* | § | |
|     Defendant(s) | § | |

### MEMORANDUM OPINION AND ORDER ON AMENDED MOTION TO REMAND

On this day came on for consideration the Amended Motion to Remand (the "Motion to Remand") filed by the Plaintiffs, Sharon K. and Colin K. Kaufman ("Plaintiffs"). Plaintiffs seek remand of the above-styled and numbered cause to the 347th Judicial District Court of Nueces County, Texas (the "State Court"). Pursuant to 28 U.S.C. §§1334, 157, and 1452, and the Order of Reference of Bankruptcy Cases and Proceedings entered by the United States District Court, this Court has jurisdiction to enter a final order on a motion to remand. Rules 5011(b) and 9027(3), F.R.Bankr.Pro. The Court, having heard the evidence and arguments of counsel and of the Plaintiffs, *pro se*, and having reviewed the pleadings and briefs on file herein, and for the reasons stated below, finds that the Motion to Remand should be denied.

### BACKGROUND

Colin K. Kaufman ("Kaufman") was appointed as a chapter 11 plan trustee under a confirmed plan of reorganization in the Charles B. Feldman bankruptcy case on September 24,

1992. Kaufman served as plan trustee until June 28, 2001, when this court removed him for cause and requested that the United States Trustee appoint another plan trustee. Kaufman was removed because this court found that his accounting as plan trustee was insufficient, that he failed to make semi-annual disbursements required by the plan, and that he paid himself fees before they were earned. Kaufman then filed a fee application in the Feldman bankruptcy case. Following a hearing on the fee application, this court ordered Kaufman to disgorge $214,871.89 in fees and expenses to the successor plan trustee in the Feldman bankruptcy case, Mike Boudloche ("Boudloche" or the "Plan Trustee"). A final judgment was entered on March 12, 2002.

Sharon K. Kaufman ("Mrs. Kaufman") filed her chapter 13 bankruptcy petition on January 23, 2003, in Houston, Texas. Mrs. Kaufman's case was transferred to the Corpus Christi division on February 21, 2003. Kaufman filed his chapter 13 bankruptcy petition on March 12, 2003, in the Corpus Christi division. The cases were consolidated on May 19, 2003, under Case No. 03-20306. The case was converted to chapter 11 on August 25, 2003. Boudloche filed an adversary proceeding objecting to dischargeability on October 22, 2003.

Kaufman was hospitalized in November, 2003, for congestive heart failure and related health problems. Kaufman blames his health problems on the stress caused by Boudloche's attempt to collect on the judgment against Kaufman and on Charles Feldman and related defendants (the "Feldman Defendants") for their alleged fraud.

In a separate proceeding in the 214th Judicial District Court of Nueces County, Texas, a Judgment of Disbarment was entered against Kaufman on October 4, 2004, following a jury trial. The Kaufmans' bankruptcy case was converted to chapter 7 on January 21, 2005. The Kaufmans appealed the conversion order, which was remanded to this court and an Amended

Order Converting the case was entered on March 28, 2006.

The Kaufmans filed their Original Petition in the 347th Judicial District Court of Nueces County, Texas on November 9, 2005 (the "State Court Case"). The Kaufmans sued Boudloche and the Feldman Defendants for personal injury and wrongful death. The Kaufmans allege that the Feldman Defendants' fraud and Boudloche's malicious prosecution caused him stress which led to his congestive heart failure. The Kaufmans further allege that the congestive heart failure will ultimately lead to Kaufman's death and therefore a wrongful death action is sustainable prior to Kaufman's death.

Boudloche removed the State Court Case to this court on November 17, 2005. The Kaufmans filed both a Motion to Remand and a Motion to Withdraw the Reference.

## DISCUSSION

Pursuant to 28 U.S.C. §1452(a), a civil action which is related to a bankruptcy case may be removed to the district court if the district court has jurisdiction under 28 U.S.C. §1334. The automatic reference of cases to bankruptcy court resulted in the removal of the case to this Court.[1] A court may remand "on any equitable ground." 28 U.S.C. §1452(b). The issues before the Court are whether the Court has jurisdiction and, if so, whether it should exercise that jurisdiction.

Bankruptcy court jurisdiction is "wholly grounded in and limited by statute." *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999). Pursuant to 28 U.S.C. §1334, district courts (and bankruptcy courts by the reference of 28 U.S.C. §157) have jurisdiction over (1) cases under title 11 (the bankruptcy petition itself), and (2) proceedings arising under title 11, and (3) proceedings arising

---

1 The Standing Order of Reference does not refer personal injury or wrongful death cases to the bankruptcy court. Nevertheless, this case was removed to the bankruptcy court. By separate Opinion and Order, the Court deals with the withdrawal of the reference issue.

in a case under title 11, and (4) proceedings related to a case under Title 11. "The second, third, and fourth categories operate conjunctively to define the scope of jurisdiction. Therefore it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999), citing *In re Bass, supra*. "A proceeding is 'related to' a bankruptcy "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Bass, supra* at 1022 (quoting *Matter of Walker*, 51 F.3d 562, 569 (5th Cir. 1995)) ; *Matter of Wood,* 825 F.2d 90 (5th Cir. 1987). Under the Fifth Circuit test for bankruptcy jurisdiction, this Court does possess jurisdiction over the claims alleged in this action. Plaintiffs' causes of action concern the conduct of a court-appointed chapter 11 plan trustee. Supervision of court-appointed professionals and the determining whether the conduct of such professionals is improper is within this court's unique parameters. *In re Southmark Corp*., 163 F.3d 925, 931 (5th Cir. 1999), *cert. denied*, 527 U.S. 1004 (1999).  A suit against a trustee of a liquidating trust has been held to be a "core" matter. *In re Coral Petroleum, Inc*., 249 B.R. 721, 728 (Bankr. S.D. Tex. 2000); *In re Southmark Corp., supra.*   Moreover, Plaintiffs complain that the Feldman Defendants committed bankruptcy crimes and Plaintiffs allege that they were injured as a result of the Feldman Defendants' conduct while the Feldman bankruptcy case was pending.

   The issue here is whether this Court should exercise its jurisdiction. The Court may remand "on any equitable ground." 28 U.S.C. §1452(b). Factors to be considered are:

   1. the convenience of the forum;

   2. the presence of non-debtor parties and whether the case should be tried as a whole in State Court;

   3. whether the State Court is better able to respond to questions involving state law;

    4. expertise of the Bankruptcy Court;

    5. the duplicative and uneconomic effort of judicial resources in two forums;

    6. prejudice to the involuntarily removed parties;

    7. comity considerations; and

    8. a lessened possibility of inconsistent results.

- - *In re Branded Products, Inc*., 154 B.R. 936, 947 (Bankr. W.D.Tex. 1993); citing, *Browning v. Navarro,* 743 F.2d 1069, 1077 (5th Cir. 1984).

In this case, the factors do not weigh in favor of remand. Although the Kaufmans allege state law causes of action for intentional torts, personal injury and wrongful death, the acts complained of as the causation are entirely bankruptcy related. The bankruptcy court, or if the reference is withdrawn, the District Court, possesses the higher lever of expertise in bankruptcy issues. The state law issues presented are not unique nor unsettled. Interpretation of bankruptcy law is inherent in deciding this case. Moreover, the Fifth Circuit Court of Appeals noted the importance of policing bankruptcy fiduciaries, holding as follows:

> A sine qua non in restructuring the debtor-creditor relationship is the court's ability to police the fiduciaries, whether trustees or debtors-in-possession and other court-appointed professionals, who are responsible for managing the debtor's estate in the best interest of creditors. The bankruptcy court must be able to assure itself and the creditors who rely on the process that court- approved managers of the debtor's estate are performing their work conscientiously and cost-effectively.

- - *In re Southmark Corp., supra*. at 931.

    The *Barton* doctrine also serves as grounds for denying remand. *Barton v. Barbour*, 104 U.S. 126 (1881). The *Barton* doctrine requires leave of the appointing court to sue a trustee in a

court other than the appointing court. *Id.; In re Crown Vantage, Inc*., 421 F.3d 963, 971 (9th Cir. 2005). The Kaufmans did not obtain leave of this court prior to suing Boudloche in State Court. The alleged misconduct by Boudloche involves his actions in collecting and liquidating the Feldman bankruptcy estate, not in carrying on the Feldman businesses and therefore 28 U.S.C. §959 does not apply. *Crown Vantage, supra.* at 972; *In re Lehal Realty Assoc*., 101 F.3d 272, 276 (2nd Cir. 1996). The fact that Boudloche is a plan trustee, not a bankruptcy trustee, does not exclude application of the *Barton* doctrine. *In re DeLorean Motor Co*., 991 F.2d 1236, 1241 (6th Cir. 1993); *In re Crown Vantage, supra*. at 973. Therefore leave of court was necessary to sue Boudloche in State Court. The Barton doctrine supports retention of this case by the bankruptcy court or, if the reference is withdrawn, the district court. Although couched in terms of state law tort, this case calls into question the conduct of a debtor in bankruptcy (Feldman) and a plan trustee (Boudloche). The case should remain in federal court.

## CONCLUSION

This case meets the requirements for jurisdiction as set forth by statute and interpreted by the Fifth Circuit Court of Appeals. For the reasons stated above, the court finds that the Motion to Remand should be denied.

It is therefore ORDERED that the Amended Motion to Remand is hereby DENIED.

SIGNED 05/02/2006.

RICHARD S SCHMIDT
United States Bankruptcy Judge